**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ANTOINETTE AKKARI, | ) | Case No. 16-33758 |
| | ) | Honorable David D. Cleary |
| Debtor. | ) | |
| | ) | Hearing Date: February 24, 2021 |
| | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on February 24, 2021, at 10:00 a.m., I will appear before the Honorable David D. Cleary; or any judge sitting in that judge's place, and present the APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY EDMOND E. SALEM AS SPECIAL COUNSEL, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom For Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password:** The meeting ID for this hearing is 161 122 6457 and the password is Cleary644. The meeting ID and further information can also be found on the judge's web page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: February 11, 2021                                Richard M. Fogel, Trustee
                                                         123 N. Wacker Drive, Suite 1800
                                                         Chicago, IL  60606
                                                         (312) 474-4452

78268903                                        1

**CERTIFICATE OF SERVICE**

Richard M. Fogel , an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means or via First Class mail, as indicated, on February 11, 2021.

/s/ *Richard M. Fogel*

# Mailing Information for Case 16-33758

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Adam G. Brief**  Adam.Brief@usdoj.gov
- **Cory Oshita**  ceo.law@gmail.com

### U.S. Mail Service List

Antoinette Akkari
5108 N. Long
Chicago, IL  60630

Edmond E. Salem
The Salem Law Firm, APLC
1990 S. Bundy Drive, Suite 540
Los Angeles, CA  90025

Eleni Gyparakis
Spiegel & Cahill, P.C
15 Spinning Wheel Road, Suite 107
Hinsdale, IL 60521

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ANTOINETTE AKKARI, | ) | Case No. 16-33758 |
| | ) | |
| | ) | Honorable David D. Cleary |
| Debtor. | ) | |
| | ) | |

**APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY EDMOND E. SALEM AS SPECIAL COUNSEL**

Richard M. Fogel, not personally, but as chapter 7 trustee (the "Trustee") for the estate of Antoinette Akkari (the "Debtor"), pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014, hereby applies to this Court for authority to employ Edmond E. Salem and the law firm of The Salem Law Firm, APLC (collectively, "Salem") as his special counsel (the "Application") in connection with the Debtor's chapter 7 case (the "Case"). In support of this Application, the Trustee respectfully states as follows:

**INTRODUCTION**

1. On October 22, 2016, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing the above-entitled case and creating the Debtor's estate (the "Estate").

2. The Trustee was appointed as the chapter 7 trustee of the Estate on the Petition Date.

3. The Trustee filed a Report of No Distribution, the Debtor was discharged and the Case was closed. At the first meeting of creditors, the Trustee asked the Debtor if she was suing

78268903

any party or had the right to sue any party for an injury that had occurred prior to the Petition Date.

4.　　On February 1, 2021, the U.S. Trustee moved to re-open the Case because the Debtor was pursuing a claim for damages against Boston Market, Inc. (the "Debtor's Claim").for a personal injury that occurred prior to the Petition Date.

5.　　On February 2, 2021, the Trustee was re-appointed as the chapter 7 trustee of the Estate to administer the Debtor's Claim.

6.　　This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(M), and/or (O).

## PROPOSED EMPLOYMENT OF SPECIAL COUNSEL

7.　　On March 16, 2016, the Debtor retained Salem on a contingency fee basis, plus expenses, to pursue the Debtor's Claim. A copy of the Fee Agreement is attached to the Application as Exhibit A (the "Agreement"). As set forth in the Agreement at paragraph 7, the contingent fee would be 33.3% if the matter settled prior to filing a civil lawsuit or 40.0% if the matter settled at a mediation or settlement conference, after filing or opposing a motion for summary judgment or after designating experts[1].

8.　　The Debtor's Claim arose prior to the Petition Date and it is property of the Estate pursuant to the provisions of 11 U.S.C. § 541. Pursuant to 11 U.S.C. §§ 327 and 328 and

---

[1] On February 18, 2018, Salem filed a civil lawsuit on behalf of the Debtor against Boston Market, Inc. in the Circuit Court of Du Page County, Illinois, case number 2018 L 000180.

2

78268903

Fed. R. Bankr. P. 2014 and subject to Court approval, the Trustee proposes to retain Salem to prosecute the Debtor's Claim on the terms and conditions set forth in the Agreement, as modified by the Application.

9. Salem is the Debtor's son-in-law. He has no other connections with the Debtor, her creditors, or any other party in interest herein, except for his current representation of the Debtor in connection with the Debtor's Claim, and neither holds nor represents any adverse interest in connection with the matter upon which he is to be employed.

10. To the best of the Trustee's knowledge, information, and belief, Salem is competent to prosecute the Debtor's Claim for the benefit of the Estate and Salem is a "disinterested person" within the scope of 11 U.S.C. § 101(14) and as required pursuant to 11 U.S.C. § 327(a). The Trustee has based his knowledge, information, and belief on this and other matters set forth in the Application based on the statement attached hereto as Exhibit B (the "Statement") and independent investigation. The Trustee is aware that Salem was the subject of a disciplinary action by the Attorney Registration & Disciplinary Commission but he believes that the modification of the terms of employment by the terms of the Application and the oversight of this Court as to any settlement of the Debtor's Claim and the award of compensation to Salem adequately protect the interests of the Estate.

11. As set forth in the Statement, Salem understands that any and all compensation for legal services rendered and expenses incurred in connection with the Debtor's Claim and any settlement of the Debtor's Claim shall be subject to further Court approval, after notice and hearing on appropriate application made therefor. Salem further understands that the sole source of such compensation shall be the funds of the Estate. Except for the Debtor at the time of the signing of the Agreement, no party in interest, including the Trustee, has agreed to compensate

3

78268903

Salem for either legal services rendered or expenses incurred in connection with the Debtor's Claim.

12.     As set forth in the Statement, Salem has not entered into any agreements to share such compensation as he may be awarded herein except as permitted under 11 U.S.C. § 504(b).

## NOTICE

13.     Notice of this Application has been served upon the Debtor and her counsel, the United States Trustee and counsel for Boston Market, Inc.. The Trustee submits that the notice provided is sufficient and appropriate under the circumstances and that no further notice is required. To the extent that this Court determines otherwise, the Trustee requests that further notice be waived and that notice be limited to that already provided.

## CONCLUSION

14.     By virtue of the foregoing, the Trustee submits that the proposed employment of Salem as special counsel, as set forth above, is in the best interests of the Estate and is necessary and appropriate under the circumstances.

WHEREFORE, the Trustee requests that this Court enter an order, pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014: (a) authorizing the Trustee to employ Edmond E. Salem and the law firm of The Salem Law Firm, APLC as his special counsel as set forth in this Application; (b) finding that notice of this Application is sufficient, waiving further notice; and (c) granting such other relief as this Court deems proper and just.

Dated:  February 11, 2021                                  Respectfully submitted,

*/s/ Richard M. Fogel*
Richard M. Fogel, chapter 7 trustee for the
estate of Antoinette Akkari

Richard M. Fogel (#3127114)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Phone: 312-474-4452

5

78268903

78268903